**Opinion issued July 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-22-00794-CV

—————————————

## IN RE DEMAREE REED, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

This lawsuit involves claims of negligence and gross negligence under the Federal Employer's Liability Act (FELA) against several defendants, arising from an injury to Demaree Reed involving a slow-moving railcar.[1] The trial court

---

[1] The underlying case is *Demaree Reed v. INEOS Americas LLC, INEOS USA, LLC, Trans-Global Solutions, Inc., Genessee & Wyoming Railroad Services, Inc., and Rail Link, Inc.*, cause number 2019-29955, pending in the 215th District Court of Harris County, Texas, the Honorable Elaine Palmer presiding.

referred the threshold question of Rail Link, Inc.'s[2] common carrier status, for purposes of the FELA, to the Surface Transportation Board (STB)[3] pursuant to the doctrine of primary jurisdiction.  Reed now seeks mandamus relief from that order. *See* TEX. R. APP. P. 52.

"Primary jurisdiction . . . is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency.  It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993).

This doctrine is prudential and "operates to allocate power between courts and agencies when *both* have authority to make initial determinations in a dispute." *Subaru of Am. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). "Trial courts should defer to appropriate administrative agencies when (1) the agency is staffed with experts trained in handling complex problems within the agency's purview, and (2) great benefit is derived from the agency's uniform interpretation of laws within its purview and the agency's rules and regulations

---

[2]    Rail Link, Inc is a defendant in this lawsuit and a real party in interest to this mandamus proceeding.

[3]    The Surface Transportation Board was created on January 1, 1996, and is the successor to the former Interstate Commerce Commission.  It has "'exclusive' jurisdiction over transportation by rail carriers" including "classifications, rules [and] practices" by such carriers. *See Horton v. Kansas City S. Ry. Co.*, __ S.W.3d __, 2024 WL 3210468, at *3 (Tex. 2024) (citing 49 U.S.C. § 10501(b)); *see also* www.stb.gov.

when courts and juries might reach differing results under similar fact situations." *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007).

Reed does not challenge the STB's expertise under the first prong. Instead, Reed only argues that the trial court clearly abused its discretion, by failing to analyze and apply the law of primary jurisdiction correctly, because, according to Reed, no great benefit will be derived from this referral.

We deny Reed's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a); *see also In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) ("Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless the decision is shown to be arbitrary and unreasonable."). We dismiss any pending motions as moot.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Justice Kelly, dissenting, with opinion to follow.